### ABAT vs. HOLMES.

#### APPEAL FROM THE COURT OF THE FIRST DISTRICT.

If the jury be permitted in the absence of the defendant, and without any application from the plaintiff, to reconsider their verdict and bring in another, the second will be set aside, and the cause remanded for further proceedings in the state it was when the jury requested permission to amend it.

This cause was submittted upon a statement of facts which are given in the opinion of the court.

*Slidel* for appellant.

*Seghers* for appellee.

*Martin J.*, delivered the opinion of the court.

The defendant was sued as endorser of a protested promissory note. He pleaded the general issue, that the plain-

tiff had released, or discharged the maker, &c. There was judgment against him and he appealed.

The statement of facts show, that the cause having been argued, the jury retired and returned with a verdict for the defendant, signed by their foreman, the counsel of both parties being present. The verdict was read in open court, and no objection being made by the plaintiff, the usual minute of the verdict was made by the clerk, and the counsel for the defendant left the court. The clerk makes, during the sitting of the courts, memmorandas of what is transacted on loose sheets of paper, and after the adjournment of the court, and frequently on the following day, makes entries from these minutes on the record book in due form. After the rendering of the verdict, in the present case, two other causes were called for trial, on which the plaintiffs failing to appear, were non-suited, and the usual entries were made by the clerk; a third cause was afterwards argued, and the jury retired to consider of their verdict, and returned with one which was read in open court, and entered on the minutes. The judge having in the meanwhile, while the jury were out, examined the point of law on which he had charged the jury, on the motion of the counsel of the defendant in the present case, stated in a conversation with the gentlemen of the bar, after the jury had returned, and in their hearing, that the defendant's counsel, in the present case, had misstated the law, in insisting that the receipts on file (from the plaintiff to the maker of the note,) had operated a discharge of the endorser. This being heard by some of the jury, they requested to be allowed to reconsider their verdict, saying they had understood the judge, in his charge, to lay down the law differently. The judge permitted them to reconsider their verdict and instructed them that a release of some of the drawers of the note, for their part of the debt, did not discharge the defendant as endorser, who was a joint obligee with them, whereupon, without returning,

Eastern District.
*December* 1830.

ABAT
*vs.*
HOLMES.

they found a verdict for the plaintiff, the defendant and his counsel being absent, more than one hour after they had given the first verdict, in favour of the defendant, and judgment was given on the second verdict for the plaintiff.

The appellant's counsel has urged that he is entitled not only to the reversal of the judgment of the District Court, but to our judgment for his client on the first verdict.

*If the jury be permitted in the absence of the defendant, and without ano application from the plaintiff, to reconsider their verdict and bring in another, the second will be set aside, and the cause remanded for further proceedings in the state it was when the jury requested permission to amend it.*

It is obvious the judge erred in allowing the jury, in the absence of the defendant, and without any application from the plaintiff, to reconsider their verdict, and in allowing them to bring another, after having stated the law to them, in a very different manner than he had done in a charge delivered to them in the presence of both parties—without allowing the party against whom the second charge was given, to make such observations as the charge, in the opinion of the court, might require.

But judgment cannot be given here on the first verdict—the proceedings of the court, unprovoked by and which took place in the absence of the plaintiff and his counsel, cannot deprive him from the right he had of moving for a new trial.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, the second verdict set aside and the case remanded for further proceedings, in the state in which it was when the jury requested to be permitted to amend it, the appellee paying costs in this court.